On the Merits.
1. The claim of J. J. Nalty, as the owner of a country store, and of other property hereinabove described, is resisted by appellants, on the ground that the opponent’s purchase of a certain store from his brother, the defendant herein, was a mere simulation, intended to screen said property from the pursuit of the creditors of the defendant, who had been notoriously insolvent for more than a year previous to the pretended transfer to this opponent, and that the business which the latter had carried on since the simulated transfer, and the property thereby acquired, were in truth and in reality the business and the property of their debtor, W. T. Nalty.
They rely on the evidence of a respite obtained from his creditors by the defendant, who had included in his schedule or statement the very store now claimed by his brother, the opponent, who was then notoriously impecunious, with no resources or income but his salary of $25 a month, as clerk in a country store, and absolutely without the means to purchase and carry on a store.
There is a great deal of testimony in the record tending to show that the whole transaction was somewhat suspicious and to justify the course pursued by the attaching creditors in this case.
But there is proof in the record to the effect that opponent’s mother, who is shown to have had means in ready cash and valuable property in Natchez, Mississippi, had loaned opponent the funds used *426 in the purchase of the store, and in the purchase of goods to renew the stock therein, which had dwindled down to almost nothing at the date of his purchase; and that she had also loaned to him the mules, which she owned, for the cultivation of some lands which he had rented and which he cultivated in cotton and corn during the year 1888, from which he had produced the cotton and corn seized herein by appellants.
These facts are positively stated in their testimony by opponent, and by his mother, and their evidence is in part corroborated by disinterested witnesses.
That evidence is not directly contradicted in the record, and is assailed by appellants merely on the ground of its improbability, and on the strength of some conflicting circumstances. But it can not be discredited by the court on any other hypothesis but that of wilful perjury on the part of the witnesses who gave it.
Now the District Judge, who heard and saw those witnesses testify, who is doubtless personally acquainted with them, and who therefore had a much better opportunity of testing their veracity than we have, believed them and gave effect to their testimony. Hence we find no warrant to justify us in concluding and holding otherwise. As the opponent was in possession of the property, and in full control of the store and of its business, as shown by numerous bills and statements of merchants with whom he dealt, either in the consignment of cotton or in the purchase of goods, the burden of proof was on appellants, and they have failed to make out their ease.
On the question of damages claimed by this opponent on account of the wrongful attachment, we And that the District Judge entirely ignored that feature of the case, which must be construed as a rejection of the demand. Owing to the circumstances surrounding these • transactions, as hereinabove detailed, we are satisfied that appellants were not prompted by malice, and, as the record contains no testimony of the actual damages suffered by this opponent, we conclude with the District Judge that no damages should be allowed in the premises.
2. The claim of Thomas Lynch is fully sustained in the record, and it was therefore properly allowed, both in the amount sued for and as to the privilege claimed.
3. The claim of Ered. Claiborne is not sustained by the record, which shows that he was not employed as an overseer, but merely as *427 a laborer in common with others, of whom he was the foreman. But he did not superintend or oversee the labor, the working animals and the general operations of the plantation, an,d hence he was not an overseer, within the scope and meaning of the textual provisions of the Code. Art. 3218.
The argument of his counsel that his wages as a laborer are also secured by a privilege on the crop, and that he should now recover in that capacity is not sound. He must stand or fall by his pleadings.
He is in the legal attitude occupied by the third opponents in the case of Scannell & Lafaye vs. Beauvais, 36 An. 217, who had originally claimed a privilege on a sugar house and on the acre of land upon which it stood, but who made out a claim to a privilege on machinery alone. The opponent here may be answered in the language of the court in that case:
“They ignored and abandoned the privilege the had, and set up and attempted to enforce a privilege they had not, and the penalty they suffer is the loss of what they might have secured, for they are now remediless.” See also, Shakspeare & Co. vs. Ware, 38 An. 570.
We find no error in that part of the judgment which recognizes and enforces the moneyed claim of appellants against the defendant and sustains the attachment on so much of the property seized as was found to be his.
The contention of his counsel, to the effect that, under his contract of respite with his creditors, defendant had become simply their agent, and that as such he was not liable to the remedy of attachment, can hardly be serious.
Carried to its full length, the argument might have subjected him to a prosecution for embezzlement.
It is therefore ordered, adjudged and decreed that the portion of the judgment of which the court has retained jurisdiction be amended by rejecting the privilege therein allowed to third opponent Fred. Claiborne, and that his claim for a privilege be rejected; and that in all other respects said judgment be affirmed, at the cost of appellants, save the costs incurred by the opposition of Fred. Claiborne, which costs in both courts are to be taxed to said Claiborne.